IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

*/TORRES*

*CIV-JORDAN*

MYSTIQUE, INC.,                    :
                                   :
        Plaintiff,                 :
                                   :        CASE NO. **07-22937**
v.                                 :
                                   :
138 INTERNATIONAL, INC.,           :
                                   :
        Defendant.                 :
_____    :

FILED by ___ D.C.
INTAKE
NOV - 9 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

## COMPLAINT

Plaintiff, Mystique, Inc., sues Defendant, 138 International, Inc., and alleges.

## Jurisdiction and Venue

1.      This is a Complaint against Defendant, 138 International, Inc., for cancellation of

a registered trademark, trademark infringement and dilution under 15 U.S.C. §§ 1051, et. seq.,

and for injury to business reputation and dilution, unfair competition, and deceptive and unfair

trade practices under Florida law.

2.      This Court has jurisdiction over the parties and over the subject matter of this

action pursuant to:

        a.      28 U.S.C. § 1331, as this action arises under the laws of the United States;

        b.      28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in
                controversy exceeds $75,000; and

        c.      28 U.S.C. § 1338, as this action arises under the Lanham Act, 15 U.S.C. § 1051,
                et. seq.

FTL:2401699:3

1

3.     Venue properly lies within this judicial district under 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district, and § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this judicial district.  Specifically, Defendant is selling products under a trademark that infringes Mystique's trademark.

### Parties

4.     Plaintiff, Mystique, is a California corporation with its principal place of business in Vernon, California.

5.     Defendant, 138 International, Inc., is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

### Plaintiff's famous MYSTIQUE trademark

6.     Plaintiff, Mystique, is in the business of manufacturing and selling high-end ladies shoes under its trademark MYSTIQUE.

7.     Plaintiff, Mystique, has since at least as early as 1999, been continuously using, both in international and interstate commerce, its trademark MYSTIQUE (the "MYSTIQUE Mark") in connection with the manufacture and wholesale distribution for retail sales of its high end, high fashion, high quality ladies' shoes.

8.     Since at least as early as 1999, Plaintiff has made extensive use of its MYSTIQUE Mark, including extensive advertising, marketing and selling ladies' shoes under its MYSTIQUE Mark, such that consumers know and recognize the MYSTIQUE Mark, and associate it distinctly with Plaintiff and the high quality shoes Plaintiff provides.

9.     Since at least as early as 1999, Plaintiff has spent substantial sums and resources promoting its products under its MYSTIQUE Mark, including advertising, catalogs, trade shows, and permanent showrooms in New York, Los Angeles, and Dallas.

10.     In Florida, Plaintiff has used its MYSTIQUE Mark extensively, including in the Southern District of Florida, where it maintains a business relationship with at least 20 customers who purchase Plaintiff's products for sale at their respective retail stores.

11.     As a result of Plaintiff's substantial and significant ongoing advertising and promotional efforts for its MYSTIQUE Mark, its longstanding use of the Mark, the widespread shoe industry, the geographic scope in which Plaintiff uses and promotes its MYSTIQUE Mark, and the high degree of consumer recognition of the MYSTIQUE Mark, the MYSTIQUE mark has become well-known and famous, and has acquired extremely valuable goodwill such that the public associates the Mark with Plaintiff as the source of high quality, high fashion, high end ladies' shoes.

### Defendant's Infringement of Plaintiff's MYSTIQUE trademark

12.     Defendant, 138 International, Inc., is also in the business of wholesale distribution of ladies' shoes.

13.     However, Defendant's shoes are of a far inferior quality and sell at retail for much less than Plaintiff's shoes.

14.     Defendant's warehouse is in Miami, and Defendant advertises its products on the internet, through direct email, and at trade shows.

15.     In mid-2001, at least two years after Plaintiff had already been using its MYSTIQUE Mark, Defendant began to sell some of its ladies' shoes using the name "Mystique."

16.     Upon information and belief, Defendant's initial sales of ladies' "Mystique" shoes were small and insignificant such that Defendant's products were unknown to Plaintiff.

17.     Upon information and belief, Defendant did not promote the "Mystique" name at any trade shows, but rather, if Defendant attended at all, registered only its corporate name, "138 International."

18.     At least as early as 2003, Defendant stopped selling shoes under the "Mystique" name and abandoned use of the "Mystique" name for at least three (3) consecutive years.

**Proceedings before the United States Patent and Trademark Office ("USPTO")**

19.     Unbeknownst to Plaintiff, in November 2001, Defendant filed a United States trademark application for "Mystique" in International Class 25 for "women's footwear, namely, sandals, slippers, shoes and sneakers," for which Defendant received a U.S. registration on August 20, 2002.  See Defendant's Trademark Registration No. 2609745 ('745 Registration) attached as **Exhibit A**.

20.     In November 2005, Plaintiff filed a trademark application for MYSTIQUE.  See Plaintiff's Trademark Application Serial No. 78762697, attached as **Exhibit B**.

21.     In view of Defendant's previous '745 Registration, the USPTO has initially refused Plaintiff's application for its MYSTIQUE Mark.

22.     In June 2006, Plaintiff filed in the Trademark Trial and Appeal Board ("TTAB") a Petition for Cancellation of Defendant's '745 Registration, citing, among other things, Plaintiff's prior continuous and senior use of its MYSTIQUE Mark, Defendant's abandonment of Mystique

and its '745 Registration, and likelihood of confusion between Plaintiff and Defendant.  See

Petition for Cancellation Number 92045964, attached as **Exhibit C**.

23.     Ignoring the Petition for Cancellation, Defendant defaulted and the TTAB issued

an Order to Show Cause.  See Notice of Default, attached as **Exhibit D**.

24.     Defendant eventually moved to set aside the Default, which was granted, and, as

of the filing of this Complaint, the Cancellation Proceeding is pending.

### Defendant's "Drummed Up" Sales

25.     As explained above, Defendant stopped selling ladies' shoes under "Mystique"

and abandoned use of the "Mystique" name for at least three (3) consecutive years beginning in

2003.

26.     At or about the time Defendant was served with Plaintiff's Petition for

Cancellation of Defendant's '745 Registration, and in a desperate and belated attempt to avoid

cancellation of its '745 Registration, Defendant re-instituted use of "Mystique" and began to

"drum up" sales of shoes under the "Mystique" name.

27.     Specifically, Defendant began ordering shoes from China with a "Mystique" label

on them and selling them primarily to walk-in customers to its Miami warehouse facility.

28.     In addition, Defendant began to attend trade shows under a listing for "Mystique"

in addition to a listing under its corporate name, 138 International.

29.     As a result of Defendant's infringing and non bona-fide use of "Mystique",

customers of  Plaintiff and other purchasers of ladies' shoes have been and continue to be

confused and deceived into believing that Defendant is sponsored by, related to, or affiliated with

Plaintiff.

30.     Defendant defiantly refuses to cease and desist from using Plaintiff's MYSTIQUE Mark to advertise, promote and sell its cheap, "knockoff" shoes.

31.     As a result, Plaintiff is suffering substantial damages, including lost sales and damage to its valuable goodwill and reputation.

## Count I
## Cancellation of Trademark under 15 U.S.C. §§ 1064 and 1119

32.     Plaintiff realleges paragraphs 1-31 as if set forth in full herein.

33.     Plaintiff is the prior and senior user of the MYSTIQUE Mark for ladies' shoes in interstate commerce.

34.     Defendant abandoned its use of "Mystique" under 15 U.S.C. § 1127.

35.     Defendant's use of "Mystique" is likely to cause, and is causing, confusion concerning the source, sponsorship and affiliation of Defendant and Defendant's products.

36.     Defendant fraudulently misrepresented to the USPTO in its application for trademark registration its dates of first use of "Mystique" and the goods for which "Mystique" is used.

37.     Plaintiff intends to suspend the current TTAB Cancellation Number 92045964 proceeding while this suit is pending.

## Count II
## False Designation of Origin under 15 U.S.C. § 1125(a)

38.     Plaintiff realleges paragraphs 1-31 as if set forth in full herein.

39.     Defendant's conduct described herein constitutes false designation of origin, false or misleading description and false and misleading representation likely to cause confusion, or to cause mistake or to deceive under 15 U.S.C. § 1125(a).

### Count III
### Trademark Dilution under 15 U.S.C. § 1125(c)

40.     Plaintiff realleges paragraphs 1-31 as if set forth in full herein.

41.     Defendant's conduct described herein constitutes trademark dilution under 15 U.S.C. § 1125(c).

### Count IV
### Injury to Business Reputation and Dilution under Fla. Stat. § 495.151

42.     Plaintiff realleges paragraphs 1-31 as if set forth in full herein.

43.     Defendant's conduct described herein constitutes injury to business reputation and dilution under Fla. Stat. § 495.151.

### Count V
### Unfair Competition under Florida law

44.     Plaintiff realleges paragraphs 1-31 as if set forth in full herein.

45.     Defendant's conduct described herein constitutes unfair competition under Florida law.

### Count VI
### Deceptive and Unfair Trade Practices under Fla. Stat. § 501.201

46.     Plaintiff realleges paragraphs 1-31 as if set forth in full herein.

47.     Defendant's use of "Mystique" is calculated to deceive, and actually does deceive the public into mistakenly believing Defendant's products are those of, or are sponsored by or affiliated with, Plaintiff.

48.     Defendant has engaged and continues to engage in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Fla. Stat. §501.204, et. seq.

### Relief Requested as to all Counts

WHEREFORE, Plaintiff, Mystique, Inc., requests the following legal and equitable relief:

A.      judgment ordering the USPTO to cancel Defendant's '745 Trademark Registration;

B.      judgment declaring that Defendant has infringed and diluted the MYSTIQUE Mark;

C.      judgment declaring that Defendant engaged in acts of unfair competition;

D.      judgment declaring that Defendant has injured Plaintiff's business reputation and diluted the Mark under Fla. Stat. § 495.151;

E.      judgment declaring that Defendant has engaged in deceptive and unfair trade practices under Fla. Stat. §§ 501.201, et. seq.

F.      a permanent injunction enjoining and restraining Defendant and its affiliated and/or parent companies and their officers, agents, servants and other employees from using in commerce or in connection with any goods or services the MYSTIQUE Mark or any mark, name or design that creates a likelihood of confusion with the MYSTIQUE Mark and engaging in any other acts of unfair competition;

G.      an order requiring Defendant to account for and pay to Plaintiff all profits derived from Defendant's unlawful conduct;

FTL:2401699:3

H.    an award of triple damages sustained by Plaintiff as a result of the Defendant's

unlawful conduct, pursuant to 15 U.S.C. § 1117(a);

I.    an award of attorneys' fees and costs under 15 U.S.C. § 1117(a) and 1125(c), as

well as Fla. Stat. § 501.2105;

J.    such other relief as the Court deems reasonable and just.

Dated this 9th of November, 2007.

> Respectfully submitted,
>
> RUDEN, McCLOSKY, SMITH,
> SCHUSTER & RUSSELL, P.A.
> Attorneys for Plaintiff
> 200 East Broward Boulevard, Suite 1500
> Post Office Box 1900
> Fort Lauderdale, Florida  33302
> Phone:  (954) 527-2492
> Fax:     (954) 333-4092
> Matt.Nelles@Ruden.com
>
> By: _Matthew S. Nelles_____
>       Matthew S. Nelles
>       Florida Bar No. 009245

FTL:2401699:3

# EXHIBIT A

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 2,609,745

## United States Patent and Trademark Office

Registered Aug. 20, 2002

### TRADEMARK
### PRINCIPAL REGISTER



138 INTERNATIONAL. INC. (FLORIDA COR-
PORATION)
2637 NORTH MIAMI AVENUE
MIAMI, FL 33127

FOR: WOMEN'S FOOTWEAR, NAMELY, SAN-
DALS, SLIPPERS, SHOES AND SNEAKERS, ALL, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 6-1-2000; IN COMMERCE 6-1-2000.

SER. NO. 76-336,852, FILED 11-13-2001.

MIDGE BUTLER, EXAMINING ATTORNEY

# EXHIBIT B

# Trademark/Service Mark Application, Principal Register

**Serial Number: 78762697**
**Filing Date: 11/29/2005**

## The table below presents the data as entered.

| MARK SECTION | |
|---|---|
| MARK | MYSTIQUE |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | MYSTIQUE |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **OWNER SECTION** | |
| NAME | Mystique, Inc. |
| STREET | 3824 South Santa Fe Avenue, Suite 7 |
| CITY | Vernon |
| STATE | California |
| ZIP/POSTAL CODE | 90058 |
| COUNTRY | United States |
| AUTHORIZED EMAIL COMMUNICATION | No |
| **LEGAL ENTITY SECTION** | |
| TYPE | CORPORATION |
| STATE/COUNTRY OF INCORPORATION | California |
| **GOODS AND/OR SERVICES SECTION** | |
| INTERNATIONAL CLASS | 025 |
| DESCRIPTION | Footwear, namely, ladies shoes |
| FILING BASIS | Section 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 11/20/1999 |
| FIRST USE IN COMMERCE DATE | At least as early as 12/31/2000 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT8\IMAGEOUT8\787\626\78762697\xml1\AP P0003.JPG |
| | \\TICRS\EXPORT8\IMAGEOUT8\787\626\78762697\xml1\AP P0004.JPG |
| SPECIMEN DESCRIPTION | digital images of shoe and shoebox showing the mark |

| **SIGNATURE SECTION** | |
|---|---|
| SIGNATURE | /Deborah Tellerman Berkowitz/ |
| SIGNATORY NAME | Deborah Tellerman Berkowitz |
| SIGNATORY DATE | 11/29/2005 |
| SIGNATORY POSITION | Attorney for Applicant |
| **PAYMENT SECTION** | |
| NUMBER OF CLASSES | 1 |
| NUMBER OF CLASSES PAID | 1 |
| SUBTOTAL AMOUNT | 325 |
| TOTAL AMOUNT | 325 |
| PAYMENT METHOD | DA |
| **ATTORNEY** | |
| NAME | Deborah Tellerman Berkowitz, Esq. |
| FIRM NAME | Ruden McClosky Smith Schuster & Russell, P.A. |
| STREET | 200 East Broward Boulevard Suite 1500 |
| CITY | Fort Lauderdale |
| STATE | Florida |
| ZIP/POSTAL CODE | 33301 |
| COUNTRY | United States |
| PHONE | 954-761-2918 |
| FAX | 954-333-4118 |
| EMAIL | Deborah.Berkowitz@ruden.com |
| AUTHORIZED EMAIL COMMUNICATION | No |
| ATTORNEY DOCKET NUMBER | 54209-0002 |
| **CORRESPONDENCE SECTION** | |
| NAME | Deborah Tellerman Berkowitz, Esq. |
| FIRM NAME | Ruden McClosky Smith Schuster & Russell, P.A. |
| STREET | 200 East Broward Boulevard Suite 1500 |
| CITY | Fort Lauderdale |
| STATE | Florida |
| ZIP/POSTAL CODE | 33301 |
| COUNTRY | United States |
| PHONE | 954-761-2918 |
| FAX | 954-333-4118 |
| EMAIL | Deborah.Berkowitz@ruden.com |

| AUTHORIZED EMAIL COMMUNICATION | No |
| --- | --- |
| **FILING INFORMATION** | |
| SUBMIT DATE | Tue Nov 29 16:29:51 EST 2005 |
| TEAS STAMP | USPTO/BAS-2084910198-2005<br>1129162951063665-78762697<br>-200923a47d17ed4a3f1857a6<br>5451fa83b1-DA-307-2005112<br>9162825521366 |

PTO Form 1478 (Rev 4-2006)

OMB No. 0651-0009 (Exp. 01/31/2008)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 78762697**
**Filing Date: 11/29/2005**

## To the Commissioner for Trademarks:

**MARK:** (Standard Characters, see mark)
The mark consists of standard characters, without claim to any particular font, style, size, or color.
The literal element of the mark consists of MYSTIQUE.
The applicant, Mystique, Inc., a corporation of California, residing at 3824 South Santa Fe Avenue, Suite 7, Vernon, California, United States, 90058, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.
The applicant, or the applicant's related company or licensee, is using the mark in commerce, and lists below the dates of use by the applicant, or the applicant's related company, licensee, or predecessor in interest, of the mark on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.
    International Class 025: Footwear, namely, ladies shoes
In International Class 025, the mark was first used at least as early as 11/20/1999, and first used in commerce at least as early as 12/31/2000, and is now in use in such commerce. The applicant is submitting or will submit one specimen for *each class* showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a(n) digital images of shoe and shoebox showing the mark.
    Specimen - 1
    Specimen - 2
The applicant hereby appoints Deborah Tellerman Berkowitz, Esq. of Ruden McClosky Smith Schuster & Russell, P.A., 200 East Broward Boulevard Suite 1500, Fort Lauderdale, Florida, United States, 33301 to submit this application on behalf of the applicant. The attorney docket/reference number is 54209-0002.
A fee payment in the amount of $325 will be submitted with the application, representing payment for 1 class(es).
### Declaration
The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.
Signature: /Deborah Tellerman Berkowitz/  Date: 11/29/2005
Signatory's Name: Deborah Tellerman Berkowitz
Signatory's Position: Attorney for Applicant
Mailing Address:
    Deborah Tellerman Berkowitz, Esq.

200 East Broward Boulevard Suite 1500
Fort Lauderdale, Florida 33301
RAM Sale Number: 307
RAM Accounting Date: 11/30/2005
Serial Number: 78762697
Internet Transmission Date: Tue Nov 29 16:29:51 EST 2005
TEAS Stamp: USPTO/BAS-2084910198-2005112916295106366
5-78762697-200923a47d17ed4a3f1857a65451f
a83b1-DA-307-20051129162825521366

# MYSTIQUE





# EXHIBIT C

Trademark Trial and Appeal Board Electronic Filing System. _http://estta.uspto.gov_

| | |
|---|---|
| ESTTA Tracking number: | **ESTTA86798** |
| Filing date: | **06/23/2006** |

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
### BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

## Petition for Cancellation

Notice is hereby given that the following party requests to cancel indicated registration.

## Petitioner Information

| Name | Mystique, Inc. | | |
|---|---|---|---|
| Entity | Corporation | Citizenship | California |
| Address | 3824 South Santa Fe Avenue Suite 7<br>Vernon, CA 90058<br>UNITED STATES | | |

| Attorney information | Deborah Tellerman Berkowitz, Esq.<br>Ruden McClosky Smith Schuster &amp; Russell, P.A.<br>200 East Broward Boulevard, Suite 1500<br>Fort Lauderdale, FL 33301<br>UNITED STATES<br>trademarks@ruden.com Phone:954-761-2918 |
|---|---|

## Registration Subject to Cancellation

| Registration No | 2609745 | Registration date | 08/20/2002 |
|---|---|---|---|
| Registrant | 138 International. Inc.<br>2637 North Miami Avenue<br>Miami, FL 33127<br>UNITED STATES | | |
| Goods/Services Subject to Cancellation | Class 025. First Use: 2000/06/01 , First Use In Commerce: 2000/06/01<br>Goods/Services: women's footwear, namely, sandals, slippers, shoes and<br>sneakers, all | | |

| Attachments | Cancellation Petition.pdf ( 4 pages )(340889 bytes )<br>Exhibit A.pdf ( 5 pages )(457571 bytes ) |
|---|---|

| Signature | /Deborah Tellerman Berkowitz/ |
|---|---|
| Name | Deborah Tellerman Berkowitz, Esq. |
| Date | 06/23/2006 |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

In the Matter of:
Trademark Registration No. 2,609,745
For: MYSTIQUE
International Class: 25

| | | |
|---|---|---|
| MYSTIQUE, INC. | ) | |
| Petitioner | ) | |
| vs. | ) | Cancellation No. |
| 138 INTERNATIONAL, INC. | ) | |
| Registrant. | ) | |
| _____ | ) | |

## PETITION FOR CANCELLATION

To The Commissioner for Trademarks
Box TTAB FEE
2900 Crystal Drive
Alexandria VA 22313-1451

Sir:

     MYSTIQUE, INC., a California corporation duly organized and existing under the laws

of the State of California, located and doing business at 3824 South Santa Fe Ave., Suite 7,

Vernon, California, 90058, believes that it is being and will be damaged by the above-identified

registration and hereby petitions to cancel same.

FTL:1814888:1

1

To the best of Petitioner's knowledge, the Registrant's current address is:

138 International, Inc.

301 NW 28 Street

Miami, Florida 33126

To the best of Petitioner's knowledge, the address of Registrant's President and Registered Agent is:

Mike Chen

1305 N. Biscayne Point Road

Miami Beach, FL 33141.

The grounds for cancellation are as follows:

1.      Petitioner is the owner of the mark MYSTIQUE for ladies footwear.

2.      Petitioner has used its mark MYSTIQUE for ladies footwear in commerce since at least as early as November 20, 1999, and has used and continues to use its MYSTIQUE mark in commerce continuously since then.

3.      Petitioner is the owner of a pending application for the mark MYSTIQUE, Serial No. 78/762,697 for footwear, namely, ladies shoes in International Class 25.

4.      The filing date for Petitioner's pending application is November 29, 2005.

5.      In an Office Action dated June 2, 2006, the Trademark Examiner refused registration of Petitioner's mark stating, inter alia, that Petitioner's mark, when used on or in connection with Petitioner's identified goods, so resembles the mark in U.S. Registration No. 2,609,745 for MYSTIQUE for women's footwear, namely, sandals, slippers, shoes and sneakers, as to be likely to cause confusion (Office Action attached hereto as Exhibit A).

6.     On information and belief, Registrant has abandoned its mark MYSTIQUE by discontinuing use of same for a period of at least three (3) years with no intent to resume use of said mark.

7.     On information and belief, Registrant began using its mark MYSTIQUE on June 1, 2000, a date long after Petitioner's first use of its MYSTIQUE mark in November, 1999.

8.     Registrant's mark MYSTIQUE so resembles Petitioner's prior used MYSTIQUE mark as to be likely to cause confusion, mistake or deception when applied to the goods set forth in Registrant's U.S. Registration No. 2,609,745 for its MYSTIQUE mark.

9.     Petitioner is and will be damaged by the continued registration of the Registration No. 2,609,745 in view of:

a) The Examiner having cited said Registration against Petitioner's pending application for the mark MYSTIQUE as the basis for the Examiner's refusal to register Petitioner's mark MYSTIQUE under 15 USC §1052(d),

b) the cited Registration giving Registrant statutory rights to which Registrant is not entitled,

c) Petitioner's legal and exclusive right to the registration of its MYSTIQUE mark is being barred by the subject registration,

d) the likelihood of confusion between Petitioner's mark and the Registrant's mark,

e) Petitioner's prior rights in the mark based upon Petitioner's prior use over Registrant's use; and

f) the cited Registration being likely to cause confusion, mistake or deception with Petitioner's mark MYSTIQUE in view of the similarity of the marks and the goods being offered in connection with each respective mark.

WHEREFORE, Petitioner prays that this Petition for Cancellation be sustained in favor of Petitioner, and that Registration No. 2,609,745 be canceled.

The Commissioner is hereby authorized to charge the $300.00 for petition fees under 37 C.F.R. § 2.111(c)(1) to our Deposit Account No. 18-2262. If for any reason this amount is insufficient, it is requested that said Deposit Account be charged with any deficiency.

Respectfully submitted,

*Deborah T Berkowitz*

Deborah Tellerman Berkowitz, Esq.
Matthew S. Nelles, Esq.
Elana Sbarro, Esq.
RUDEN, McCLOSKY, SMITH, SCHUSTER &
RUSSELL, P.A.
200 E. Broward Blvd
Fort Lauderdale, FL 33301
Telephone: (954) 761-2918
E-mail: trademarks@ruden.com

Date: 6/23/06

## CERTIFICATE OF MAILING

I hereby certify that this correspondence is being filed electronically with the United States Trademark trial and Appeal Board on _6/23/06_ .

BARBARA BUBSER
(Print or type name of person signing the certificate)

*Barbara M. Bubser*
(Signature of person signing the certificate)

6/23/06
(Date of Signature)

FTL:1814888:1

4

# EXHIBIT D

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

Tyson

Mailed:  March 14, 2007

Cancellation No.92045964

MYSTIQUE, INC.

     v.

138 International. Inc.

Monique Tyson, Paralegal Specialist:

Answer was due in this case on November 6, 2006. Inasmuch as it appears that no answer has been filed, nor has respondent filed a motion to extend its time to answer, notice of default is hereby entered against respondent under Fed. R. Civ. P. 55(a).

Respondent is allowed until thirty days from the mailing date of this order to show cause why judgment by default should not be entered against respondent in accordance with Fed. R. Civ. P. 55(b).

JS 44
(Rev. 11/05)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Mystique, Inc.

**DEFENDANTS**
138 International, Inc.

**CIV-JORDAN /TORRES**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

07-22937

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Matthew Nelles, Esq.
Ruden, McClosky, Smith, Schuster & Russell, P.A.
200 East Broward Boulevard, Ft. Lauderdale, FL  33301
(954) 527-2492

ATTORNEYS (IF KNOWN)
Alan H. Ramer, Esq.
1390 South Dixie Highway
Suite 1301
Coral Gables, Florida 33146

FILED by ___ D.C.
INTAKE
NOV -9 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**(d)** Check County Where Action Arose: ☒ Miami-Dade ☐ Monroe ☐ Broward ☐ Palm Beach ☐ Martin ☐ St. Lucie ☐ Indian River ☐ Okeechobee ☐ Highlands

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

1 ☐ U.S. Government Plaintiff

2 ☐ U.S. Government Defendant

3 ☒ Federal Question
(U.S. Government Not a Party)

4 ☐ Diversity
(Indicate Citizenship of Parties in Item III)

1:07CV 22937 - Jordan Torres

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX ONLY)
(For Diversity Cases Only)      FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☒ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395 ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 863 DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 422 Employment | ☐ 530 Habeas Corpus | ☐ 791 Empl. Ret. Inc. Security Act. | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 540 Mandamus & Other | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 550 Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**V. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☒1 Original Proceeding  ☐2 Removed from State Court  ☐ 3 Re-Filed  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S)**
a) Re-filed Case ☐ YES ☒ NO       b) Related Cases ☐ YES ☒ NO
(See Instructions second page): JUDGE _____  DOCKET NUMBER _____

**VII. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
15 U.S.C. §§ 1051, et seq.                Estimated days to try case (both sides) ____2____

**VIII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23   CLASS ACTION   DEMAND
Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

DATE
11/ 9 /07

SIGNATURE OF ATTORNEY OF RECORD

$350 (1)      Receipt 541490

FTL:2402384;1