UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22937-CIV-TORRES

MYSTIQUE, INC.,

    Plaintiff,

vs.

138 INTERNATIONAL, INC.,

    Defendant.

_____/

## ORDER ON PENDING MOTIONS

Pending before the Court are various post-judgment motions regarding collection and enforcement proceedings that have not been stayed pending an appeal of the Court's judgment. Upon review of those motions, responses, replies if any, and the record in the case, it is hereby **ORDERED AND ADJUDGED** as follows:

    1.    Plaintiff's Motion to Direct U.S. Marshal to Sell Property [D.E. 129] is **GRANTED**. Plaintiff's proposed Order will be entered separately for submission and execution to the U.S. Marshals Office.

    2.    Defendant's Motion to Stay [D.E. 134] is **DENIED**. To the extent that the motion requested additional time to resolve the pending issues through mediation, that process has now been completed, which renders the motion moot. To the extent that the motion is seeking a stay of all post-judgment collection efforts, no legal basis has been provided under Rule 62 for an indefinite stay of all post-judgment proceedings pending appeal, without the filing of a supersedeas bond. As no supersedeas bond has

been proffered or filed, Defendant has not shown entitlement to a stay under Rule 62. Moreover, Defendant has not shown a likelihood of success on the merits of its pending appeal to warrant an extraordinary stay without the filing of a supersedeas bond.

3. Defendant's Motion to Vacate [D.E. 135] this Court's Order [D.E. 133] on Motion for Preliminary Injunction is **DENIED** except to the extent it is clarified herein. To the extent the motion objects to the Court's Order because any parties impleaded as parties in proceedings supplementary must be personally served, the Court agrees. But the impleaded parties have now been personally served with process, thereby subjecting them to the Court's jurisdiction. [D.E. 125]. The Court's earlier Order did not intimate that proper service of process with a complaint for proceedings supplementary was unnecessary in this case. All other arguments raised in the motion lack merit, because any due process due an impleaded party once service of process is accomplished will be provided. The Court's earlier Order simply permitted Plaintiff to begin the process of initiating proceedings supplementary under Florida law.

To make the record clear and to assure that the Court's docket adequately reflects all impleaded parties as proper Defendants to this action, Plaintiff is DIRECTED to file a Complaint in Proceedings Supplementary within seven (7) days that properly identifies the impleaded parties that have been joined in this action. All such impleaded parties shall then have twenty-one (21) days to file a formal answer to such Complaint that preserves their defenses to this post-judgment proceeding.

4. Plaintiff's Motion for Extension of Time to File Response [D.E. 139] to Defendant's motion to vacate is **GRANTED** nunc pro tunc.

     5.     Plaintiff's Motion to Strike [D.E. 147] Defendant's reply in support of its motion to vacate is **DENIED**.

     6.     Additionally, Plaintiff is ORDERED to serve a hardcopy of this Order upon any impleaded parties to this action.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of February, 2010.

                                               /s/ *Edwin G. Torres*
                                              EDWIN G. TORRES
                                              United States Magistrate Judge