IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| MYSTIQUE, INC., | : | |
| | : | |
|     Plaintiff, | : | |
| v. | : | CASE NO 07-22937-CIV |
| | : | TORRES |
| 138 INTERNATIONAL, INC., | : | |
| | : | |
|     Defendant, | : | |
| | : | |
| SOUTH BEACH BREEZE | : | |
| CORPORATION, MIKE CHEN, | : | |
| and NELSON CHANG, | : | |
| | : | |
|     Impleaded Parties. | : | |
| _____ | : | |

**PLAINTIFF'S COMPLAINT FOR PROCEEDINGS SUPPLEMENTARY AND REQUEST FOR PRELIMINARY INJUNCTION**

Plaintiff, MYSTIQUE, INC. ("Mystique"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 69 and Fla. Stat. § 56.29 files this action for proceedings supplementary against Defendants, 138 INTERNATIONAL, INC. ("138 International" or "Defendant"), SOUTH BEACH BREEZE CORPORATION ("South Beach" or "Defendant"), MIKE CHEN ("Chen" or "Defendant") and NELSON CHANG ("Chang" or "Defendant") (collectively, "Defendants"), and in support states as follows:

**Jurisdiction and the Parties**

1.    This action is properly brought as a proceeding supplementary pursuant to Federal Rule of Civil Procedure 69 and Fla. Stat. § 56.29.

2.    On August 31, 2009 Mystique filed motions to commence proceedings supplementary and to expedite discovery [D.E. 118 and 119], which were served on 138 International pursuant to the United States District Court Southern District of Florida on-line

JENNIFER WALKER, P.A.

*Mystique, Inc. v. 138 International, Inc.*
*United States District Court* Case No. 07-22937-CIV-TORRES

Page 2 of 9

filing system and via process server on South Beach, Chen and Chang. The Affidavits of Service were filed with this Court on September 14, 2009 [D.E. 125].

3. Mystique also filed an affidavit in support of its motion to commence proceedings supplementary pursuant to Florida Statues, § 56.29(1) [D.E. 126-1].

4. The Court has jurisdiction to reopen this case to enforce its own judgment and on December 4, 2009, the Court entered an Order on Plaintiff's Motions for Proceedings Supplementary, Impleader of Third Parties, Request for Preliminary Relief, and for Expedited Discovery, which commenced proceedings supplementary, added South Beach, Chen and Chang as Defendants to this action, and ordered that all Defendants respond to Mystique's discovery attached to Mystique's Motion for Expedited Discovery [D.E. 119], which was served on all Defendants.

## Background Facts

5. On November 17, 2007, 138 International was served with Mystique's Complaint for trademark infringement and other actions. Summary Judgment was entered against 138 International on February 12, 2009 and a trial on damages was held on March 9, 2009.

6. On July 30, 2009, the Court entered a Final Judgment against 138 International and in favor of Mystique in the amount of $2,950,000.00 (the "Final Judgment") [D.E. 93].

7. The entire Final Judgment remains due, owing and unpaid.

8. On August 13, 2009, Mystique delivered to this Court its Ex-Parte Motion for Issuance of Break Order because Mystique was under a reasonable fear and belief that if 138 International received the Motion and Order in advance, it would immediately attempt to remove

*Mystique, Inc. v. 138 International, Inc.*
*United States District Court* Case No. 07-22937-CIV-TORRES

Page 3 of 9

the business assets in which Mystique was attempting to levy upon. This Court granted Mystique's request for a Break Order on August 17, 2009.

9. On August 19, 2009, Mystique levied upon 138 International's assets pursuant to the Break Order and learned, in part, from 138 International's employees that 138 International's President, Mike Chen, had expected the levy and had secreted assets out of the business. *See* Affidavit of investigator, Charles Boneh [D.E.118-1].

10. During the levy, Mr. Boneh spoke with two of 138 International's employees, Norka Lopez and Alex J. Aguilar, as explained below:

> During the conversation … I was aware that they were worried regarding their employment situation and I stated: "you have nothing to worry about, because Mr. Chen is a very smart business man, and he probably knew that we were coming here today and he moved everything that he was supposed to move…" Mrs. Lopez said: "yes, he knew it…" and Mr. Aguilar stated : " he moved the stuff before…" and then, they stopped talking, and the conversation went back to the job security and about that they were working for Mr. Chen for the last fifteen (15) years, and that they were almost family more than employees.

*Id.* Mr. Boneh attempted to obtain a statement from the employees regarding Mr. Chen's transfer of assets out of the company; however, at the time Mr. Boneh's affidavit was filed, the employees, fearing for their jobs, refused to return his calls.

11. In addition, during the levy, computer engineer, Gino Marconi, discovered that all of 138 International's bank accounts had been emptied. For example, on the day of the levy, Plaintiff discovered and immediately garnished 138 International's bank accounts, but was informed by each of these six banks that 138 International had recently either withdrawn materially all of the funds or had closed the accounts altogether. It is believed that 138

*Mystique, Inc. v. 138 International, Inc.*
*United States District Court* Case No. 07-22937-CIV-TORRES

Page 4 of 9

International transferred the money to accounts held by South Beach.

12.     In addition, Plaintiff estimates that there were hundreds of thousands of shoes in 138 International's inventory at the time of the levy (5 tractor trailer loads). Chen claimed that nearly all of the shoes were owned by South Beach, even though South Beach was dormant prior to April 2009, when it was reinstated.

13.     It also appears that Defendants had stopped invoicing under 138 International and begun invoicing under South Beach in May 2009, which is shortly after the damages trial.

14.     Moreover, it appears that South Beach was paying for Mystique's expenses because Mystique did not have money in its bank accounts to pay for its currently operating business expenses. For example, Mystique was obviously in business because the electricity was on, 138 International's warehouse was full of goods, 138 had employees working, and there were boxes of invoices for orders for the same goods and from the same customers of 138 International on South Beach letterhead. *See* Affidavit of Gino Marconi [D.E.118-2].

15.     Defendants operate out of three addresses: 301, 309 and 311 N.W. 28th Street, Miami, Florida; however, the store-front business and warehouse are joined and connected. There is approximately 10,000 square feet of storage and Mystique estimated that there are hundreds of thousands of shoes on site.

16.     There is no demarcation of inventory or premises between 138 International and South Beach; they are totally and completely commingled.

17.     Moreover, at the time of the levy Chen telephoned South Beach's registered director, Chang, who was unable to identify the inventory of South Beach as opposed to the 138

JENNIFER WALKER, P.A.

*Mystique, Inc. v. 138 International, Inc.*
*United States District Court* Case No. 07-22937-CIV-TORRES

Page 5 of 9

International's inventory. It appeared that Chang was not familiar with the business of South Beach although he was alleged to be the owner of this business. Chang continuously and nervously deferred to Chen for answers to questions regarding South Beach's inventory. In fact, at one point, the U.S. Marshal had to instruct and monitor Chang to directly answer questions without asking for help from Chen. *See* Affidavit of Theresa Clark [D.E.118-3].

18. Although not reported as a principal owner or director, Chen receives a K-1 partner income sharing statement from South Beach.

19. Plaintiff also learned that South Beach was an inactive Florida corporation until just a few months before the Final Judgment was entered in this case

20. On April 8, 2009, South Beach filed for reinstatement of this corporation with Chang as a director and adding Lih Yuh Chen (either Chen or a relative) as a second director. *See* copy of the Florida Department of State Division of Corporations printout for South Beach at [D.E.118-4].

21. It was noted in 138 International's business records that invoices for 138 International cease as of March 30, 2009. Mr. Marconi noticed that there were boxes of invoices on site for South Beach, which was reinstated with the Florida Department of State Division of Corporations on April 8, 2009. *See* [D.E.118-2 and 4].

22. Also, documents contained within 138 International's computer system show that it had cash sales of approximately $43,972.15 in January 2009, $52,323.60 in February 2009, and $37,421.40 in March 2009; however, there do not appear to be any deposits into any 138 International bank account to correspond with these sales.

*Mystique, Inc. v. 138 International, Inc.*
*United States District Court* Case No. 07-22937-CIV-TORRES

Page 6 of 9

23. South Beach is properly viewed as an "alter ego" or "mere continuation" of 138 International and a de facto merger should be deemed to have occurred because, among other reasons, South Beach appears to have taken title to substantially all of 138 International's assets and South Beach has assumed 138 International's rights and income stream. 138 International was essentially absorbed into South Beach, which has the same management, personnel, assets, and location. South Beach now carries on the identical business that 138 International formerly conducted using 138 International's former assets.

24. As a result, South Beach's assets as well as any assets transferred to Chen or Chang from 138 International or in which 138 International directed a third party to transfer to any of these Defendants rather than 138 International should be applied towards the satisfaction of Mystique's judgment.

25. Mystique has retained the undersigned law firm and is obligated to pay a reasonable fee for its services.

26. All conditions precedent to the institution of this proceeding were performed, waived or have occurred.

**ACTION PURSUANT TO FLA. STAT. § 56.29 AND REQUEST FOR COURT TO PRSERVE THE STATUS QUO**

27. This is an action in proceedings supplementary and defenses must be filed within twenty-one days of the filing of this Complaint to preserve any defenses to this post-judgment proceeding pursuant to this Court's Order [D.E. 151].

28. Mystique adopts and incorporates the general allegations contained in paragraphs 1 through 26 above.

JENNIFER WALKER, P.A.

*Mystique, Inc. v. 138 International, Inc.*
*United States District Court* Case No. 07-22937-CIV-TORRES

Page 7 of 9

29. Mystique holds an unsatisfied judgment against 138 International and the execution is valid and outstanding.

30. The Defendants are required to appear before the Court at a time and place specified by this Court's order to be examined concerning their property relating to all matters and things pertaining to the business and financial interests of Defendants, which may tend to show what property they have and its location. A corporation must attend and answer by an officer who may be specified in the order.

31. Any Defendant holding property that 138 International had a right to or paid the purchase price of within 1 year before the service of process on 138 International on November 17, 2007, should be ordered to deliver those assets to Mystique to be applied toward the satisfaction of Mystique's judgment.

32. 138 International transferred assets to South Beach, Chen and Chang in order to delay, hinder, or defraud Mystique from collecting its judgment.

33. Mystique is entitled to its costs and attorneys for proceedings supplementary as well as all other incidental costs determined to be reasonable and just by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees pursuant to Fla. Stat. § 56.29(11).

34. Finally, based upon the competent evidence before the court in this proceeding supplementary, which shows that property in the hands of the Defendants may belong to or is due to Mystique, and that the property may be disposed of by the Defendants to hinder

JENNIFER WALKER, P.A.

*Mystique, Inc. v. 138 International, Inc.*
United States District Court Case No. 07-22937-CIV-TORRES

Page 8 of 9

Mystique's collection of its judgment, it is within this trial court's broad discretion to postpone disbursement of the property pending a speedy resolution of the ownership question.

WHEREFORE, Mystique respectfully requests this Court enter an order:

a.  Preventing 138 International, South Beach, Chen and Chang from removing inventory or other assets from the building and adjacent warehouse located at 301 N.W. 28th Street, 309 N.W. 28th Street, and 311 N.W. 28th Street Miami, Florida pending further order of this Court;

b.  Requiring South Beach, Chen and Chang to deliver to Mystique a verified affidavit identifying the present location, any account number, the value when transferred and the current value, and the date of transfer of any and all assets in their possession which were transferred to them from 138 International or from a creditor of 138 International from November 17, 2006 until the present date. The identified assets include, but are not limited to inventory, accounts receivables, monies, equipment, vehicles and electronics;

c.  Requiring 138 International to deliver to Mystique a verified affidavit identifying the all items of value that it transferred to any person or entity from November 17, 2006 until the present date and include: (1) a description of the item transferred, (2) the value of the asset when it was transferred, (3), the date of transfer, (4) the specific reason for the transfer, (5) what consideration 138 International received in exchange for the transfer, and (6) the name, address, and telephone number for the person or entity to whom the asset was transferred made;

JENNIFER WALKER, P.A.

*Mystique, Inc. v. 138 International, Inc.*
*United States District Court* Case No. 07-22937-CIV-TORRES

Page 9 of 9

      d.      Ordering the Banks to freeze any assets pending a hearing on the issues set forth in this motion including freezing monies in any of the Defendants' bank accounts that: (1) hold monies that 138 International had a right to receive, i.e., accounts receivables, or (2) hold money directly received from 138 International, from November 17, 2006 to the present date;

      e.      Scheduling a hearing on this matter;

      f.      Holding Defendants in contempt for their failure to comply with this Court's Order. *See* Motion to Compel Compliance at D.E. 148; and

      g.      For any further relief in favor of Plaintiff and against 138 International, South Beach, Chen and Chang as this Court deems just and appropriate under the circumstances.

                                  JENNIFER WALKER, P.A.
                                    Attorneys for Mystique
                                    1007 N. Federal Highway; No. 4006
                                    Fort Lauderdale, Florida  33304
                                    P: (954) 530-2163 F: (954) 713-7763
                                    jenniferwalkerpa@gmail.com

                                    By: <u>s/ Jennifer N. Walker</u>
                                        Jennifer N. Walker, Esq.
                                        Florida Bar No. 515051

## **CERTIFICATE OF SERVICE**

     I hereby certify that on February 4, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and non-parties, South Beach Breezes Corporation, Mike Chen, and Nelson Chang will be served via U.S. Mail.

                                      <u>   s/ Jennifer N. Walker   </u>

JENNIFER WALKER, P.A.