UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22937-CIV-TORRES

MYSTIQUE, INC.,

    Plaintiff,

vs.

138 INTERNATIONAL, INC.,

    Defendant.
_____/

## ORDER

This matter is before the Court on Plaintiff's Motion to Compel Compliance [D.E. 148] with this Court's Order entered December 4, 2009 [D.E. 133]. The motion is ripe for adjudication as no timely response has been filed. Upon review of the motion and the record in the case, it is hereby **ORDERED AND ADJUDGED** as follows:

    1.    Plaintiff's Motion to Compel Compliance [D.E. 148] is **GRANTED** in so far as it requests an Order compelling third party entities or persons to comply with the Court's Order of December 4, 2009 that required such parties to respond to various discovery requests.

    2.    Through other filings, counsel for Defendant, who may also be representing these entities that have been impleaded as defendants in proceedings supplementary [D.E. 154], has questioned the Court's jurisdiction over such entities as service of process of a complaint in proceedings supplementary was claimed not to have been accomplished. The Court's recent Orders addressed that issue in so far as

any service of process issues remain for a complaint under Rules 4 and 12. [D.E. 151, 156].

3. Whether or not the Court has jurisdiction under Rule 4 to adjudicate claims against these entities directly is a matter that need not be addressed here. The scope of this Order relates to the discovery order contained within the Court's December 4th Order, which was served by process server on the third party entities as evidenced by an affidavit of service filed January 27, 2010 [D.E. 146]. That Order, having been now served on these entities, constitutes a binding discovery Order, enforceable under Rule 41, upon any party subject to that Order, whether or not they are formally "parties" to this case. Just like any subpoenaed third party, these entities had to comply with this Court's Order, whether or not jurisdiction remains an open question against them as party defendants to supplementary proceedings filed here.

4. Moreover, no showing has been made, under Rules 26, 33, 34, or 41, why these entities cannot respond to these discovery requests just like any other subpoenaed non-party. Nor has any showing been made why the Court's Order has not been complied with at least for discovery purposes.

5. There is, therefore, good cause in this record to enforce at least the discovery portions of this Court's Order. In an abundance of caution, the Court will refrain from entering any contempt or other sanction under Rule 37 given any uncertainty these entities may have as to their obligations to comply with the Court's discovery Order. The Court will, however, grant the motion and Order these persons or entities, SOUTH BEACH BREEZE CORP. MIKE CHEN, and NELSON CHANG, as well as the defendant, 138 INTERNATIONAL, INC., to fully respond to all

outstanding interrogatory and production requests previously served upon them, both before and contemporaneously with service of this Court's December 4, 2009 Order. Each responding party shall have fourteen days from the date of this Order to fully comply with these discovery obligations. Failure to comply shall be met with contempt or other sanctions required to enforce the Court's Orders.

6. Service of this Order, given prior filings in the case, shall for now be deemed to be effective upon service on counsel Alan Ramer, Esq. Nevertheless, Plaintiff is directed to also serve a copy of this Order, together with the outstanding discovery requests, upon each of these persons or entities by U.S. mail to ensure that actual notice of this Order is received.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of February, 2010.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge