UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22937-CIV-TORRES

MYSTIQUE, INC.,

    Plaintiff,

vs.

138 INTERNATIONAL, INC.,

    Defendant.
_____/

**ORDER ON MOTIONS TO RECUSE/DISQUALIFY;
ORDER DIRECTING CLERK TO SEVER PARTIES
AND REMAND SEVERED ACTION TO DISTRICT JUDGE**

    This matter is before the Court on several pending motions in this case relevant to the undersigned's role as presiding trial judge over this case. Following entry of final judgment against the named Defendant, 138 International, Inc., Plaintiff initiated supplementary proceedings under Florida law to execute on the court's judgment, as provided by Florida law and Fed. R. Civ. P. 69(a)(1). Defendant did not obtain a stay of such proceedings pending its appeal to the Eleventh Circuit Court of Appeals. In the interim, various motions have been filed by the parties and impleaded third parties in connection with the supplementary proceedings.

    Specifically, the Court's earlier Orders [e.g., D.E. 133] granted Plaintiff leave to pursue supplementary proceedings against various third parties alleged to have received assets or property from 138 International that were subject to execution under

this Court's final judgment. Pursuant to Florida law and Fed. R. Civ. P. 69, the Court granted such relief and ordered the impleaded third parties to be served with a formal complaint. Those impleaded third parties in these supplementary proceedings, Mike Chen, Nelson Chang, and South Beach Breeze Corp. (collectively the "Impleaded Defendants") have been served with process and answered the complaint (and have also sought to assert a state law counterclaim for abuse of process against Plaintiff through this action).

In addition, the Impleaded Defendants have filed a notice (originally docketed as a motion) [D.E. 164, 169] that they do not consent to the undersigned's plenary jurisdiction over the supplementary proceedings filed against them. The original parties in the action consented to magistrate judge jurisdiction, as per 28 U.S.C. § 636, which consent caused the original district judge assigned to the case, Hon. Adalberto Jordan, to refer the case to the undersigned for trial and final disposition. [D.E. 25].

The original Defendant, 138 International, then filed a "First Motion for Recusal" [D.E. 188] that demands that the Court recuse from any further involvement in the case as against the Defendant, pursuant to 28 U.S.C. § 455, based upon a supposed "appearance of impropriety" that exists. First, Defendant claims that Plaintiff improperly executed on the Court's Break Order when levying upon 138 International's assets with the United States Marshal, as allegedly established by Plaintiff's affidavits. Further, Defendants complain that the Court improperly opened proceedings supplementary and impleaded third parties without "refer[ring] the matter for further investigation to any other entity, but rather accepted this information in support of the relief requested by Plaintiff . . . ." Recusal Motion [D.E. 188] at 2-3.

Defendant, second, argues that the Court's partiality may be questioned based upon a statement allegedly made by Plaintiff's counsel to the Daily Business Review that the Court "laughed off" Defendant's arguments at trial. Recusal Motion at 3. Finally, Defendant also contends that Defendant may call the undersigned as a witness regarding the entry of the Court's Break Order. Recusal Motion at 4.

Defendant's original motion for recusal has now also been adopted and joined in by the Impleaded Defendants through their Third Party Motion to Disqualify [D.E. 197] based upon their earlier non-consent and the arguments raised in Defendant's motion.

Upon review of these pending matters, Plaintiff's response in opposition, and the record in the case, it is hereby **ORDERED AND ADJUDGED**:

1.   Defendant 138 International's First Motion for Recusal [D.E. 188] is **DENIED**. Third Party Motion to Disqualify Motion (to the extent based upon 28 U.S.C. § 455) is also **DENIED**.

Assuming the accuracy of the factual statements of the pending motions for recusal, the Court readily finds that they are legally insufficient to require the Court's recusal under 28 U.S.C. § 455. A district judge or magistrate judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). The standard of review for a § 455 motion "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."

*United States v. Patti,* 337 F.3d 1317, 1321 (11th Cir. 2003) (citation and quotation omitted). Bias sufficient to disqualify a judge must stem from an extrajudicial source, except "when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party." *Thomas v. Tenneco Packaging Co.,* 293 F.3d 1306, 1329 (11th Cir. 2002) (citation and quotation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Draper v. Reynolds,* 369 F.3d 1270, 1279 (11th Cir. 2004) (quoting *Liteky v. United States,* 510 U.S. 540, 555 (1994)). The bias must be personal, rather than judicial in nature. *Bolin v. Story,* 225 F.3d 1234, 1239 (11th Cir. 2000) (citation omitted). Therefore, a judge's rulings are not a sufficient basis for recusal in the absence of a showing of pervasive bias. *Id.*

In this case, the arguments raised in the Defendants' motions for recusal are all related to the Court's rulings in this post-judgment collection proceeding. No allegation of personal bias has been alleged, cited, or even hinted at in any way. Defendants' complaints as to how the Court permitted this matter to proceed, or how the execution was allowed to take place, even if true, are not extrajudicial in nature. And the allegation related to counsel's remarks to a legal newspaper, again even if true, cast no reasonable question on the Court's impartiality in the case. The motions do not point to any statement made by the Court that at all reflects a personal bias against the Defendants. Nor do they set forth any legal basis upon which the Court could possibly be called as a witness in this case in any way.

Therefore, on the face of these motions, the Court concludes that they are plainly insufficient and meritless. They will thus be denied without further comment.

2. Based upon the Impleaded Defendants' notice/motion withholding their consent to the undersigned's plenary jurisdiction as trial judge over any claims raised against them in this action [D.E. 164, 169], the Court will, however, grant their request to remand this supplementary proceeding but only as it relates to claims raised against them.

It is well established that all parties to an action must consent to magistrate judge jurisdiction under section 636(c). Defendant here, the corporate entity 138 International, previously consented. That consent remains operative throughout the duration of all proceedings against it, including post-judgment collection proceedings like the one at issue here. When third parties are joined to an action, however, those new parties have the right to withhold consent and are, thereby, entitled to have the claims against them remanded to a district judge. *See, e.g., Murret v. City of Kenner,* 894 F.2d 693, 695 (5th Cir. 1990).

Certainly, if an action is at a point that a remand of the whole case is advisable under the circumstances, all claims may be remanded. If, as here, the proceedings in the case against the consenting Defendant have proceeded virtually to a conclusion, under Rule 21, the Court has discretion to sever out any parties that present jurisdictional conflicts and retain the original action. *See, e.g., Fielder v. Credit Acceptance Corp.,* 188 F.3d 1031, 1039 (8th Cir. 1999); *Rice v. Sunrise Express, Inc.,* 209 F.3d 1008, 1016 (7th Cir. 2000).

Here, the proceedings against 138 International have now likely reached their end. The matter at hand is primarily now focused on the Impleaded Defendants, based upon the alleged lack of executable assets under the control of 138 International. The proceedings against the Impleaded Defendants are basically at their infancy. The claims against them may be entirely severed under Rule 21 and remanded to the district judge originally assigned to the case, without affecting in any way the disposition of any remaining matters against 138 International.

Accordingly, the Court will exercise its discretion under Rule 21, Fed. R. Civ. P., to sever all claims and defenses against or by the Impleaded Defendants. Such parties and claims shall be remanded to the district judge originally assigned to the case. The Clerk of the Court is hereby DIRECTED to docket all proceedings in this case related to the Impleaded Defendants (beginning with D.E. 133) in a separate action, with a new case number, and shall cause that separate action to be docketed before Judge Adalberto Jordan. Any new filings relating to claims or defenses raised against the Impleaded Defendants shall be docketed in that new action. All other matters pertaining to 138 International shall remain docketed in this action.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of April, 2010.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge